(October 28, 1968)

■  In the Matter of CLIFFORD A. BROWN, Probation Officer, Probation Department of Westchester County.— Pursuant to rule 32 of article VII of the Rules of the Administrative Board of the Judicial Conference of the State of New York, this proceeding was brought to remove the respondent, Clifford A. Brown, from his position of Probation Officer in the Probation Department of Westchester County, by reason of his alleged misconduct. By order of this court the matter was referred for hearing and recommendation to the Hon. Frederick G. Schmidt. Judge Schmidt has filed his report setting forth his findings and recommendations. The proceeding is now before us for review and decision. The proceeding is based upon the charge that respondent has committed acts which have reflected unfavorably upon his moral character and fitness as an employee and has brought discredit to the public service and to the Office of the Director of Probation, as follows: " (a) In November 1965, your activities and statements in protest against 'racial imbalance' in the Mount Vernon Public School System were reported by the press. An article appeared in the 'Reporter Dispatch' in White Plains on Friday, November 5, 1965, wherein you are quoted as calling the Board of Education members 'vile' and that you 'would like to spit in all their faces.' You also made the statement that 'if it takes a riot to get action, I'm for it.' On December 9, 1965, you were interviewed by Mr. Fanelli, the Assistant Director of Probation in Westchester County, in connection with the above incident, and you were advised by Mr. Fanelli to proceed with caution in all future activities in view of the harm that was being done to the Department. (b) In spite of the warning given to you by Mr. Fanelli on December 9, 1965, you continued to to promote adverse publicity pertaining to your outside activities, in that on February 4, 1966, the 'Mount Vernon Daily Argus,' and on February 7, 1966, the 'New York World Telegram and Sun,' quoted you as making several vile, anti-Semitic and anti-American statements at a meeting of the Board of Education in Mount Vernon on the night of February 3, 1966. You are accused of calling the School Board 'degenerate and inept,' and of making the statements, 'You know Hitler made one big mistake — he didn't kill enough of you Jews. I'm a racist and proud of it. I hate all whites.' On April 1, 1966, you were interviewed by the Assistant Director of Probation pertaining to the above incidents, and it was reiterated to you that you should refrain from any public conduct which would result in the kind of notoriety which you had been receiving as a result of your remarks at the meeting of the Mount Vernon School Board. (c) After repeated warnings, as mentioned in paragraphs (a) and (b) above, on February 1, 1967, in an article in the 'Standard Star,' newspaper of New Rochelle, New York, it was stated that a

County Probation Officer, formerly a CORE leader, viz., you, was one of twelve pickets arrested and booked at Police Headquarters on charges of disorderly conduct. On May 25, 1967, you were interviewed by the Director of Probation of Westchester County, and you were advised at the time that, if you wished to remain in the Department, you would have to desist from further utterances or writings which might provoke controversy or which might be, as you have stated, 'misunderstood.' (d) After the warnings mentioned above, and other warnings not listed herein, which you received pertaining to your conduct outside of your employment as a Probation Officer in the Probation Department, you persisted in your behavior and continued to bring adverse publicity and continued to discredit the public service and the Department of Probation, in that on July 26, 1967, you were arrested for disorderly conduct in connection with a riot which occurred in Mount Vernon on that night and you were accused of using obscene language and making derogatory remarks and offering encouragement to the persons engaged in rioting, and that on October 2, 1967, you were found guilty of this charge after a trial, and on October 10, 1967, Honorable John P. Griffith, City Judge of the City Court of Mount Vernon and of the Court of Special Sessions, fined you Fifty Dollars ($50) and imposed the sentence of Thirty Days (30) in the Westchester County Penitentiary, on which sentence the penitentiary term was suspended and the fine of Fifty Dollars ($50) was paid by you." After a full hearing, Judge Schmidt has now reported to us that the charges against respondent have been established in all respects by the evidence before him. This finding is clearly sustained by the record and is hereby confirmed. Section 928 of the Code of Criminal Procedure provides that " Such probation officers shall be selected because of definite qualifications as to character, ability and training, and primarily with respect to their capacity for rightly influencing human behavior." Section 936 of the Code of Criminal Procedure provides that " It shall be the duty of every probation officer * * * by such other measures as may seem most suitable to bring about improvement in his [probationer] conduct, condition and general attitude toward society." In our opinion, respondent's conduct and attitudes, as reflected in such conduct, bear directly upon his ability and capacity to function effectively as a probation officer and might, ordinarily, constitute sufficient cause for his removal. However, in view of the fact that respondent is married, has five children, has a fine war record, and his services as a probation officer prior to the incidents here involved were satisfactory, we believe that a suspension without pay is, under all the circumstances, adequate punishment. In this connection, since we are not acting herein in our appellate capacity as a reviewing court but exercising original jurisdiction in the nature of an administrative agency, we consider ourselves limited by rule 32 of the Rules of the Administrative Board to impose a suspension of no more than two months without pay in addition to the 30 days for which respondent has been suspended pending the hearing and determination of the charges. But for this limitation, we would be inclined to suspend respondent without pay for a greater period which we deem warranted by his misconduct. We are, therefore, constrained to impose a penalty of " suspension without pay for a period not exceeding two months " in addition to the prior 30-day suspension. In so doing, however, we admonish respondent that if in the future he should persist in conduct of the nature involved in these charges, it may result in his dismissal from service. We have considered each of the legal arguments presented by respondent and find them to be without merit. Accordingly, respondent is suspended from his position for a period of two months without pay, commencing October 28, 1968. Beldock, P. J., Christ, Rabin, Benjamin and Martuscello, JJ., concur.